UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATALDO AMBULANCE SERVICE, INC. )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE EMBASSY OF THE STATE OF )<br>KUWAIT, )<br>AND MOHAMMAD AL-SALILI, )<br>    Defendants. )<br>_____ ) | COMPLAINT AND<br>DEMAND FOR TRIAL<br>BY JURY |

The Plaintiff, Cataldo Ambulance Service, Inc., alleges the following against Defendants The Embassy of the State of Kuwait and Mohammad Al-Salili.

## PARTIES

1. Plaintiff, Cataldo Ambulance Service, Inc., is a Massachusetts Corporation which renders routine and emergency medical transportation services, with a principal place of business located at 137 Washington Street, Somerville, Middlesex County, Massachusetts, 02143.

2. The First Defendant, The Embassy of the State of Kuwait, is the diplomatic mission of the State of Kuwait to the United States, with a location at 2940 Tilden Street NW, Washington, D.C. 20008.

3. The Second Defendant, Mohammad Al-Salili, is an individual with a usual place of place of business in Kuwait.

## JURISDICTION

4. This court has jurisdiction over this matter pursuant to 28 USC §1332 for diversity

1

jurisdiction and arising under the Foreign Sovereign Immunities Act, 28 USC §1608.

## FACTS

5. On or about November 2014, the Defendant Mohammad Al-Salili, a Embassy of Kuwait personnel (hereinafter "Al-Salili"), was a patient being treated at the Kindred Hospital in Boston, Massachusetts (hereinafer "Kindred").

6. Defendant, The Embassy of the State of Kuwait (hereinafter "Embassy of Kuwait") provided Kindred Hospital with a pre-approval and letter of guarantee for payment of all medical services provided to Al-Salili.

7. During his treatment at Kindred Hospital, Al-Salili was approved to receive radiation treatments at Brigham's and Women's Hospital.

8. On or about November 4, 2014, Al-Salili, began his radiation treatments at Brigham's and Women's Hospital.

9. In accordance with the policies of Kindred Hospital inpatients who have to go to another facility for medical services must be transported by ambulance.

10. Kindred Hospital therefore arranged for Al-Salili to be transported by the Plaintiff, Cataldo Ambulance Service, Inc. (hereinafter "Cataldo") to Brigham's and Women's Hospital in order for him to receive the approved radiation treatments.

11. Kindred Hospital and Plaintiff Cataldo have a written Medical Transportation Services Agreement ("MTSA"), a copy of which is attached hereto as EXHIBIT 1.

12. As part of the MTSA, specific rates were negotiated in accordance with the rate schedule attached thereto as Exhibit A.

13. Beginning on November 4, 2014 and ending on January 6, 2015, Cataldo provided medical and transportation services to Al-Salili as arranged by Kindred for a total of 32 transports totaling $79,850.00. A copy of the account receivables is attached hereto as EXHIBIT 2.

14. On or about December 10, 2014, Cataldo billed the Embassy of Kuwait for the medical and transportation services it provided to Al-Salili and requested a copy of the letter of guarantee with Kindred.

15. On or about February 19, 2015, Cataldo spoke with Dr. Ihab Amer with the Embassy of Kuwait, who was responsible for approving medical services for embassy personnel.

16. Dr. Amer requested Cataldo submit the unpaid invoices for him to obtain approval for payment of the invoices.

17. Cataldo followed-up with Dr. Amer at the Embassy of Kuwait on multiple occasions including on March 3rd, March 20th, and again on May 26th of 2015.

18. On or about May 26, 2015, Dr. Amer informed Cataldo to stop sending him emails and that the unpaid invoices had to be brought to the attention of the International Office of Kindred Hospital.

19. On or about July 28, 2015, Cataldo at the request of the International Office at Kindred Hospital sent Kindred a request for approval and payment of the services provided.

20. On or about November 3, 2015, Cataldo directed the undersigned to make demand for the full amount owed. A copy of the demand is attached hereto as EXHIBIT 3.

21. As of March 23, 2016, Defendants, Embassy of the State of Kuwait and Mohammad Al-Salili owe Cataldo $79,850.00.

22. Kindred Hospital owes Cataldo in accordance with the rate schedule for the MTSA and medical transportation it arranged on behalf of the other Defendants.

## COUNT I
## (BREACH OF CONTRACT)
## (ALL DEFENDANTS)

23. Cataldo repeats and incorporates by reference the above allegations as if fully set forth herein.

24. The Defendants are in default for failing to pay the balance due for the services rendered.

25. The Defendants have failed and refused to pay the balance due for the services rendered.

26. Cataldo has properly provided all medical transportation services as requested by the Defendants.

WHEREFORE, Cataldo demands judgment under this Count against the Defendants, Embassy of the State of Kuwait and Mohammad Al-Salili for the sum of $79,850.00 together with interest and costs as set forth in the rate schedule.

## COUNT II
## (ACCOUNT ANNEXED FOR SERVICES PROVIDED)
## (ALL DEFENDANTS)

27. Cataldo repeats and incorporates by reference the above allegations as if fully set forth herein.

28. Defendants owe Cataldo a balance of $79,850.00 for medical and transportation services provided to Al-Salili, an Embassy personnel, between November 4, 2014 until January 6, 2015 in accordance with the account hereto annexed and marked "A" together with

interest and costs thereon.

WHEREFORE, the Plaintiff demands judgment on Count II against the Defendants for the sum of $79,850.00 together with interest and costs thereon.

**COUNT III**
**(UNJUST ENRICHMENT)**
**(ALL DEFENDANTS)**

29. Cataldo repeats and incorporates by reference the above allegations as if fully set forth herein.

30. Cataldo conferred a benefit upon the Defendants by providing medical and transportation services to Al-Salili upon the request of the Defendants.

31. The Defendants accepted, benefitted and/or retained services provided by Cataldo.

32. The use and retention of said services provided by Cataldo without repayment therefore is an unjust enrichment to the Defendants.

33. Cataldo had a reasonable expectation of repayment for the services provided to the Defendants.

WHEREFORE, Cataldo demands judgment against the Defendants as to Count III for 79,850.00.

**COUNT IV**
**(ORAL CONTRACT - PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE)**
**(AS TO DEFENDANT EMBASSY)**

34. The Plaintiff asserts and alleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

35. Kindred arranged to have the Defendant, Mohammad Al-Salili, transported with Cataldo

5

for his medical appointments.

WHEREFORE, Cataldo demands judgment under this Count against Defendants with interest and costs for the reasonable and customary charge in providing medical transportation to Mohammad Al-Salili.

## DEMAND FOR JURY TRIAL

Cataldo demands a trial by jury on all triable issues.

WHEREFORE Cataldo requests this Honorable Court:

A. Enter judgment in favor of Cataldo against the Defendants;

B. Award to Cataldo the outstanding balance due from the Defendants, together with cost and interest; and

C. Grant such other relief as it deems just and equitable.

> Respectfully submitted,
> CATALDO AMBULANCE SERVICE, INC.,
>
> Plaintiff,
>
> /s/Jordan L. Shapiro
> BBO#: 454240
> Shapiro & Hender
> 105 Salem Street PO Box 392
> Malden, MA 02148
> (781) 324-5200
> jslawma@aol.com

Dated: March 27, 2017

## ACCOUNT ANNEXED "A"

| | |
|---|---|
| 1. For services rendered and received as of March 23, 2016: | $ <u>79,850.00</u> |
| 2. Interest: | $ _____ |
| 3. Costs: | $ _____ |
| | |
| TOTAL | $ _____ |